**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| W.M. BARR & COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZINSSER CO., INC. ) <br> ) <br> Defendant. ) <br> ) | No. Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiff, W.M. Barr & Company, Inc., and for its Complaint against Defendant, Zinsser Co., Inc., states the following:

**I.  THE PARTIES**

1. Plaintiff W.M. Barr ("Plaintiff") has its principal place of business located at 2105 Channel Avenue, Memphis, Tennessee 38113.

2. Upon information and belief, Defendant Zinsser Co., Inc., ("Defendant"), has a principal place of business located at 173 Belmont Drive Somerset, New Jersey 08875. Defendant's authorized agent for service of process is Corporation Service Company, 830 Bear Tavern Rd., West Trenton, NJ 08628.

**II.  JURISDICTION AND VENUE**

3. This is an action against Defendant for trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125.

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 as it involves trademark law under the Lanham Act; under 28 U.S.C. § 1338(a) as it involves federal trademark law; under 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under trademark laws; under 28 U.S.C. § 1331 as it involves a federal question, and under 28 U.S.C. § 1332 as the action is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. This Court has personal jurisdiction over Defendant based upon Defendant's transaction of business in Tennessee and/or sufficient minimum contacts with Tennessee.

6. Venue is proper in this District under 28 U.S.C. § 1391.

### III.   THE CONTROVERSY

7. Plaintiff is in the business of producing, distributing, and selling paint and varnish strippers and removers and other related products throughout the State of Tennessee, around the United States, and internationally.

8. Since as early as 1993, Plaintiff has been advertising and selling an orange-colored stripper of paint, varnish, and other coatings under its trademark CITRISTRIP. Plaintiff's orange colored CITRISTRIP brand stripping product has long been used for removing paint, varnish and other coatings. (Attached hereto as Exhibit A is a depiction of Plaintiff's orange colored CITRISTRIP brand stripping product).

9. On August 28, 2002, Plaintiff filed a federal trademark application to register the word CITRISTRIP as a trademark for paint strippers. The United States Patent and Trademark Office

granted Plaintiff a federal trademark registration for the mark CITRISTRIP for paint strippers on February 15, 1994. (See Exhibit B, U.S. Reg. No. 1821949).

10. On June 2, 1994, Plaintiff filed a federal trademark application to register the word CITRISTRIP (and design) as a trademark for paint strippers. The United States Patent and Trademark Office granted Plaintiff a federal trademark registration for the mark CITRISTRIP (and design) for paint strippers on May 16, 1995. (See Exhibit C, U.S. Reg. No. 1893890).

11. On July 14, 2005, Plaintiff filed a federal trademark application to register the word CITRISTRIP (and design) as a trademark for paint and varnish stripper; paint remover; all-purpose removers, namely, adhesive remover, makeup remover, grease remover, wax remover, chewing gum remover and sticky residue remover. The United States Patent and Trademark Office granted Plaintiff a federal trademark registration for the mark CITRISTRIP (and design) for paint and varnish stripper; paint remover; all-purpose removers, namely, adhesive remover, makeup remover, grease remover, wax remover, chewing gum remover and sticky residue remover on December 19, 2006. (See Exhibit D, U.S. Reg. No. 3186063).

12. On May 20, 2005, Plaintiff filed a federal trademark application to register the orange color of its stripper as a trademark/trade dress for paint stripper; varnish stripper; paint remover; and all purpose removers, namely, remover of adhesives, lipstick, grease, wax, chewing gum, and sticky residue (hereinafter "Registered Trademark Orange Color"). The United States Patent and Trademark Office granted Plaintiff a federal trademark registration for the orange color for paint stripper; varnish stripper; paint remover; and all purpose removers, namely, remover of adhesives, lipstick, grease, wax, chewing gum, and sticky residue on August 14, 2007. (See Exhibit E, U.S. Reg. No. 3278295).

M AB1 1041234 v1
2789074-000188 09/07/2007

13. Plaintiff's Registered Trademark Orange Color is incorporated into Plaintiff's CITRISTRIP brand products and has been widely advertised or promoted and extensively offered for sale with its unique look as a component of Plaintiff's CITRISTRIP brand products sold by Plaintiff throughout the United States and within the State of Tennessee.  Hereinafter, the term "Trademark Orange Color" will be used to designate the orange coloring or tint of Plaintiff's CITRISTRIP brand products, as well as its Registered Trademark Orange Color.

14. As a result of the long and exclusive use by Plaintiff of its Trademark Color Orange, the large sales under the Trademark Color Orange, and the large amount of money spent or foregone for advertising and promotion of the products sold under the Trademark Color Orange, the Trademark Color Orange has become, through widespread and favorable public acceptance and recognition, exclusive assets of substantial value as symbols of Plaintiff, its quality products and its good will.

15. Due to Plaintiff's use and promotion, the trade and purchasing public has come to know and recognize Plaintiff's CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color, as a designation identifying Plaintiff as the source of certain stripping products.  Accordingly, Plaintiff's CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color, have developed and represent valuable goodwill which rightfully belongs exclusively to Plaintiff.

16. Plaintiff has been using Plaintiff's federally registered CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color, in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its products from those of others, and has spent significant effort and sums of money in advertising and otherwise promoting the sale

of its goods under Plaintiff's CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color in the State of Tennessee and throughout the United States.

17. Defendant has now commenced selling a paint and varnish stripper under the name CITRUS MAGIC STRIP, which has an orange color confusingly similar to Plaintiff's Trademark Orange Color. The color used in Defendant's CITRUS MAGIC STRIP product is substantially identical in look to Plaintiff's Trademark Orange Color used in Plaintiff's CITRISTRIP brand stripping products. (Attached hereto as Exhibit F is a depiction of Defendant's orange colored CITRUS MAGIC STRIP stripper).

18. Upon information and belief, Defendant is distributing its products throughout the United States.

19. At the present time, Plaintiff's orange colored CITRISTRIP products and Defendant's orange colored CITRUS MAGIC STRIP stripper that incorporates a color confusingly similar to Plaintiff's Trademark Orange Color are sold in direct competition with each other.

20. Plaintiff's orange colored CITRISTRIP stripper has been displaced in at least one retail outlet by Defendant's orange colored CITRUS MAGIC STRIP stripper.

21. Defendants' infringing "CITRUS MAGIC STRIP" name and orange product coloring are confusingly similar to Plaintiff's well-known and federally registered CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color, in sound, appearance and/or meaning, and are being used in connection with stripping products that travel in and are promoted through the same channels of trade for sale to, and use by, the same class of

M AB1 1041234 v1
2789074-000188 09/07/2007

purchasers for Plaintiff's stripping products advertised and sold under Plaintiff's CITRISTRIP and CITRISTRIP (and design) trademarks, as well as its Trademark Orange Color.

22. Defendants' use of the infringing "CITRUS MAGIC STRIP" name and orange product coloring is likely to cause confusion or mistake or to deceive the purchasing public as to the origin, affiliation, connection, or association of Defendant with Plaintiff, or as to the sponsorship or approval of Defendant's goods, services or commercial activity by Plaintiff.

23. On or about September 7, 2007, Plaintiff informed Defendant by letter that Defendant's CITRUS MAGIC STRIP product incorporated the proprietary trademarked appearance of Plaintiff's Trademark Orange Color as well as used a name that was confusingly similar to Plaintiff's CITRISTRIP and CITRISTRIP (and design) trademarks. (A copy of Plaintiff's September 7, 2007 letter is attached hereto as Exhibit G).

## COUNT I
### INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED TRADEMARK ORANGE COLOR REG. NO. 3278395

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. Defendant has infringed Plaintiff's federally registered Trademark Orange Color in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion, and advertising of stripping products which incorporate the infringing orange product coloring that is confusingly similar to Plaintiff's federally registered Trademark Orange Color.

M AB1 1041234 v1
2789074-000188 09/07/2007

- 7 -

26. Defendant's use of the orange product coloring for stripping products is without Plaintiff's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public.

27. Defendant's use of the orange product coloring has been made notwithstanding Plaintiff's well-known and prior established rights in its Trademark Orange Color.

28. Defendant's conduct constitutes infringement of Plaintiff's federally registered Trademark Orange Color in violation of § 32 of the Lanham Act, 15 U.S.C. §1114.

29. Defendant's infringing conduct has been and continues to be deliberate and willful and committed with the intent to cause confusion and mistake in the marketplace and to deceive the public.

30. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered Trademark Orange Color, for which Plaintiff has no adequate remedy at law.

31. Plaintiff is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, including preliminary and permanent injunctive relief, damages, Defendant's profits, treble damages, costs and reasonable attorneys' fees.

# **COUNT II**

## **FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION – TRADEMARK ORANGE COLOR**

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. The unauthorized use in commerce by Defendant of an orange color for its product coloring falsely designates the origin or association of Defendant's products as being with Plaintiff and falsely describes the products produced by Defendant as having the qualities of Plaintiff's products.  Such use is intended to cause and inevitably will cause confusion or mistake or to deceive the consuming public into believing that there exists an affiliation, connection or association between Defendant and Plaintiff as to the origin, sponsorship, or approval of Defendant's goods and constitutes false designation of origin and false description in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

34. By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, and, unless Defendant is restrained from continuing its wrongful acts, the damage to Plaintiff will be increased.

35. Plaintiff has no adequate remedy at law.

# COUNT III

### INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED "CITRISTRIP" TRADEMARK REG. NO. 1821949, "CITRISTRIP (AND DESIGN)" TRADEMARK REG. NO. 1893890 AND "CITRISTRIP (AND DESIGN)" TRADEMARK REG. NO. 3186063

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Defendant has infringed Plaintiff's federally registered "CITRISTRIP" Trademark Reg. No. 1821949, "CITRISTRIP (and design)" Trademark Reg. No. 1893890 and "CITRISTRIP (and design)" Trademark Reg. No. 3186063 in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion, and advertising of stripping products under the infringing CITRUS MAGIC STRIP name that is confusingly similar to Plaintiff's federally registered CITRISTRIP and CITRISTRIP (and design) trademarks.

38. Defendant's use of the CITRUS MAGIC STRIP name for stripping products is without Plaintiff's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public.

39. Defendant's use of the CITRUS MAGIC STRIP name has been made notwithstanding Plaintiff's well-known and prior established rights in its CITRISTRIP and CITRISTRIP (and design) trademarks.

40. Defendant's conduct constitutes infringement of Plaintiff's federally registered CITRISTRIP Trademark Reg. No. 1821949, CITRISTRIP (and design) Trademark Reg. No.

1893890 and CITRISTRIP (and design) Trademark Reg. No. 3186063 in violation of § 32 of the Lanham Act, 15 U.S.C. §1114.

41. Defendant's infringing conduct has been and continues to be deliberate and willful and committed with the intent to cause confusion and mistake in the marketplace and to deceive the public.

42. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered CITRISTRIP Trademark Reg. No. 1821949, CITRISTRIP (and design) Trademark Reg. No. 1893890 and CITRISTRIP (and design) Trademark Reg. No. 3186063, for which Plaintiff has no adequate remedy at law.

43. Plaintiff is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, including preliminary and permanent injunctive relief, damages, Defendant's profits, treble damages, costs and reasonable attorneys' fees.

## COUNT IV

### UNFAIR COMPETITION -- PLAINTIFF'S "CITRISTRIP" TRADEMARK AND "CITRISTRIP (AND DESIGN)" TRADEMARKS

44. Plaintiff hereby incorporates and realleges paragraphs one (1) through forty-three (43) as if fully set forth herein.

45. Defendant's unauthorized use in commerce of the infringing CITRUS MAGIC STRIP name that is confusingly similar to Plaintiff's CITRISTRIP trademark and CITRISTRIP (and design) trademarks falsely designates the origin or association of Defendant's products and services with Plaintiff. Such use is intended to and will inevitably cause consumer confusion or

mistake and will deceive the consuming public into believing that there exists an affiliation, connection or association between Defendant and Plaintiff as to the origin, sponsorship, or approval of Defendant's products and services. Such acts constitutes false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125.

46. Defendant's wrongful activities have caused, and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's CITRISTRIP trademark and CITRISTRIP (and design) trademarks, for which Plaintiff has no adequate remedy at law.

47. Defendant's infringing conduct has been deliberate and willful and Plaintiff is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, including preliminary and permanent injunctive relief, damages, Defendants' profits, treble damages, costs and reasonable attorneys' fees.

**WHEREFORE, Plaintiff requests a judgment as follows:**

1. That Defendant, its officers, agents, servants, employees, and attorneys, be forthwith preliminarily enjoined and restrained from using the orange product coloring of Plaintiff's Trademark Orange Color or any other orange coloring or tint or any other coloring or tints confusingly similar to the coloring or tint of Plaintiff's Trademark Orange Color during the pendency of this civil action, and thereafter permanently enjoined and restrained from using the orange coloring of Plaintiff's Trademark Orange Color or any other orange coloring or tint or any other coloring or tint confusingly similar to Plaintiff's Trademark Orange Color in connection

with advertising, promotion, offering for sale or sale of any stripping product that does not emanate from or originate with Plaintiff.

2. That Defendant, its officers, agents, servants, employees, and attorneys, be forthwith preliminarily enjoined and restrained from using the CITRUS MAGIC STRIP name or any other designation, name, brand or trademark likely to be confused with Plaintiff's CITRISTRIP trademark and/or CITRISTRIP (and design) trademarks during the pendency of this civil action, and thereafter permanently enjoined and restrained from using them in connection with advertising, promotion, offering for sale or sale of any stripping product that does not emanate from or originate with Plaintiff.

3. That Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant be preliminary and permanently enjoined and restrained:

>a. from using the orange product coloring, CITRUS MAGIC STRIP name, the CITRISTRIP name, the CITRISTRIP (and design) logo, or any other designations or trademarks confusingly similar to Plaintiff's CITRISTRIP trademark and/or CITRISTRIP (and design) trademarks and/or Trademark Orange Color for stripping products and related goods or services;
>
>b. from otherwise infringing upon Plaintiff's rights in and to its CITRISTRIP trademark and CITRISTRIP (and design) trademarks and Trademark Orange Color and from otherwise unfairly competing with Plaintiff in any manner whatsoever; and
>
>c. from producing, advertising, promoting, offering for sale and selling stripping and related products and services under the infringing CITRUS MAGIC STRIP name or orange product color or any other designation confusingly similar to Plaintiff's CITRISTRIP trademark and/or CITRISTRIP (and design) trademarks and/or Trademark Orange Color.

    4.    That Defendant be ordered to deliver up for destruction their documents, signs, forms, advertisements, business cards, labels, letterheads and other representations and means for reproducing the same or any printed material bearing the infringing orange product color or CITRUS MAGIC STRIP name, or any designation, coloring, mark or uses confusingly similar thereto and to obliterate, destroy or remove all other designation, coloring, uses, names or marks confusingly similar to Plaintiff's Trademark Orange Color, CITRISTRIP trademark and/or CITRISTRIP (and design) trademarks.

    5.    That Defendant be directed to file with the Court and serve on Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

    6.    That the Court require Defendant to notify its commercial licensees, dealers, associates, suppliers and customers of said Court Order.

    7.    That the Court require a full and complete accounting of all monies received by the Defendant as a result of the wrongful making, using, importing, offering for sale and/or sale of infringing products, together with an order transferring to Plaintiff any amounts found to be due to Defendant.

    8.    That the Court adjudge and decree that Defendant's use of the orange product coloring constitutes trademark infringement and serves to designate falsely the origin of Defendant's products and services and constitutes unfair competition in violation of 15 U.S.C. §§ 1114 and/or 1125.

M AB1 1041234 v1
2789074-000188 09/07/2007

9. That the Court adjudge and decree that Defendant's use of the CITRUS MAGIC STRIP name is in violation of 15 U.S.C. § 1114 and serves to designate falsely the origin of Defendant's products and services and constitutes unfair competition in violation of 15 U.S.C. § 1125.

10. That Plaintiff be awarded Defendant's profits or Plaintiff's damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117.

11. That Defendant be required to pay Plaintiff compensatory damages and to pay three (3) times Plaintiff's actual damages caused by the acts of Defendant as well as Defendant's profits from sales of goods that infringe Plaintiff's intellectual property rights, namely Plaintiff's trade dress and/or trademark rights.

12. That Plaintiff have and recover its costs and attorneys fees in this suit for Defendant's infringement as provided under 15 U.S.C. § 1117.

13. That the Court award all damages, attorney's fees, costs, and penalties available under federal law and common law.

14. That the Court award interest on all monies found to be due to Plaintiff from Defendant, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

15. That Plaintiff have such other and further relief as the Court may deem just.

M AB1 1041234 v1
2789074-000188 09/07/2007

Respectfully submitted,

s/ Lea H. Speed
Eugene Podesta, Jr. (TN 9831)
Lea H. Speed (TN 19410)
Adam Baldridge (TN 23488)
165 Madison Avenue
2000 First Tennessee Building
Memphis, Tennessee 38103
(901) 526-2000
Attorneys for Hunter Fan Company